REYNOLDS J.
On the 10th day of Oct. 1884, the defendants were indebted to plaintiff in the sum of $671. 25, which was then due. On being pressed for payment, the defendant Card-well, as an inducement to plaintiff to take a note at thirty days for the amount, agreed to assign to plaintiff as collateral security for the note, a bond and mortgage held by defendants for $650, which Cardwell said would be soon paid, and the difference *874 in tbe amounts paid in cash. The-note was accordingly given, and a written memorandum very inartificially drawn, by which defendants agreed to deliver to plaintiff the mortgage in question as soon as it was received from the registers office, as collateral security for the note. The writing speaks of the mortgage only, but the evidence'on the part of the plaintiff shows that the delivery of the bond and mortgage were both contemplated, and of this there can be no doubt. While the plaintiff, relying upon defendant’s promise, was waiting for the delivery of the bond and mortgage, the defendant procured the mortgagor to pay the same before its maturity, by allowing a discount of $75, and applied the money thus realized, to the payment of another note on which the father of defendant Cardwell ,was an indorser.
The court at special term held that in doing this, the appellant, defendant Gardwell, who appears to have been the active party in this transaction, disposed of his property with intent to defraud the plaintiff, one of his creditors, and accordingly sustained the order of arrest. We think this conclusion is well sustained by the evidence. Defendant obtained from plaintiff an extension of time, upon the promise to turn over the bond and mortgage to him, and although they applied the proceeds of it to the payment of another debt, it was a gross fraud upon the plaintiff who had acquired a right to hold it as security, or if paid, to have the money applied to his claim. It was not like the simple case of a debtor applying his property to pay one creditor, in preference to another; it was the violation of a legal and honest obligation.
. The order should be affirmed with $10 costs and the disbursembnts.
VAN Wyck, J., concurs.